*David Fay* and —— ——, for plaintiff.
*Chauncey Langdon,* for defendants.

————◎————

EBENEZER HARRIS, Esquire,

*against*

BIGELOW LAWRENCE *et al.*

In an action upon a libel, if plaintiffs recover *above* 7 dollars in the County Court, and defendant appeals and plaintiffs recover in the Supreme Court *under* 7 dollars, he shall tax no more costs than damages.

QUESTION of costs, on the construction of the 97th section of the judiciary act, with its provisoes.

This was an action of trespass on the case for a libel. At the County Court, general issue was joined and put to the Jury, who *returned a verdict for the plaintiff,* 300 *dollars damages* and costs. Judgment entered up accordingly. Defendants appealed; and now at this term cause went to the Jury on the same pleadings as in the Court below, who found a verdict for plaintiff, one dollar damages and his costs.

*David Fay,* for plaintiff, moved the Court for full costs.

*Chauncey Langdon* objected, and grounded his objection upon what he considered a correct construction of the statute, which enacts, " that in all actions of trespass *quare clausum fregit*, other than those in which the right of title or possession of any land, tenements or hereditaments shall come in question, *all actions of the case for slanderous words*, all actions of assault and battery, and all actions of imprisonment hereafter prosecuted in any of the courts of record in this State, if the damages found or assessed by the Jury do not surmount the sum of *seven dollars*, the Court shall allow no greater costs than damages.

" Provided, if the defendant appeal from *such judgment*, or review the cause, and final judgment shall be rendered for the appellee or reviewee, he shall recover full costs."

The proviso controls the preceding section. The words " *such judgment*" apply to it, and place it upon such or that judgment upon which the appeal or review was taken. It was manifestly the design of the Legislature to check litigation. If the plaintiff recovered at the lower Court *under seven dollars*, and defendant appeals, he the plaintiff, upon final recovery, shall have full costs. But if the plaintiff in the lower Court recover above seven dollars, say 300 dollars, as in the present case, the defendant does not appear litigious in his appeal; therefore in such case, if the plaintiff shall recover under seven dollars, he shall have no more costs than damages.

———— ————, for the plaintiff, in reply. We submit our construction of the statute, which we doubt

*Harris*
v.
Lawrence et al.

*Vermont* Stat.
vol. 1. p. 94.

not will be found correct. If the suit is concluded in the County Court, the plaintiff shall recover costs over or under seven dollars, as the case may be; but if defendant will appeal or review, and plaintiff recover again, he shall be entitled to full costs. The proviso embraces all cases in which the defendant appeals. Even if the damages are under seven dollars, he shall recover full costs.

WOODBRIDGE, Chief Judge. If judgment is rendered below for seven dollars or under, and defendant appeal, and plaintiff again recover, let the sum be what it may, he shall have full costs. But if the first judgment is above seven dollars, and defendant appeals, there shall be no more costs than damages. This is the plain language of the statute.

———— ————, for plaintiff. Under favour, this would be a very extraordinary construction. It would say to the plaintiff, if you recover a first judgment of only seven dollars, by which it is shewn that you have sustained but a small injury, and defendant appeals upon the recovery of even a small sum on the second verdict, you shall have full costs. But if you have shewn by the first verdict that your injury has been great, and have recovered a large sum in damages, then on a second recovery you shall measure your costs by your damages.

*Fay.* Since we are so unfortunate as to differ from the Court in our construction of the law, we will suggest, that we do not consider the present ac-

tion within the purview of the statute, which includes actions for slanderous words only. This action is for a libel. There is here a wide technical distinction.

*Sed per Curiam.* Let no more costs than damages be taxed.