### ASAHEL PARSONS vs. ALEXANDER YOUNG.

An action for written slander is an action for "slanderous words," within the meaning of the 97th sec. of the general judiciary act of March 2d, 1797, which, in a certain event, restricts the amount of costs to be recovered in such action. The first proviso to that section embraces no case of review, if the judgement reviewed from, aside from costs, exceeds the sum of seven dollars.

This was an action of *trespass on the case* for written slander, and was now heard upon exceptions to the judgement of the county court, allowing the plaintiff to tax full costs.

On the first trial, the plaintiff recovered $250 00 damages, and the defendant reviewed the cause ; on the second trial the defendant had a verdict in his favor, and the plaintiff reviewed ; on the final trial the plaintiff recovered a verdict and judgement for one cent damages and his costs. Upon this judgement the plaintiff claimed full costs, and the defendant contended that the costs were restricted to the amount of damages recovered : the county court decided that full costs were taxable, and to that decision the defendant excepted.

*Phelps and Bates, for the plaintiff.*—Full costs are claimed on two grounds : first, because the defendant reviewed the cause in the county court, in which event full costs are given by the statute of March 2, 1797, sec. 97 : secondly, because the statute restricting costs relates only to actions for *slanderous words,* and does not extend to actions for *written* slander or libel. All the elementary writers distinguish between oral and written slander, as constituting different and distinct injuries.—*Bac. Ab.* 202.— *Com. Dig., title, Libel and Slander.*—2 *Esp. N. P.,* 79, 89.—3 *Bl. Com.,* 125.—4 *Id.,* 150.—*Swift's System,* 481, 488.—*Stark. on Slander,* 126.—3 *Co. Inst.,* 74.—*Selw. N. P.,* 1042-3.— This distinction has been recognized by judicial decisions for a great length of time.—12 *Co.,* 35.—2 *Brownl.,* 151. —2 *Show.,* 314.—3 *Salk.,* 226.—2 *Wils.,* 403.—1 *B. & P.,*

Addison,
January,
1830.

Parsons
vs.
Young.

331.—4 *Taunt.*, 355.—19 *Johns.*, 367.—The two different injuries depend on different grounds and are followed by different consequences. Many things are actionable when written, which are not so when spoken; indeed, the rule as to what is actionable, and what is not, is totally different in the two cases. So the consequences are different: a libel is punishable by indictment, but verbal slander is not.

This distinction having been thus established, and so long acted on, it is presumed the legislature adverted to it when the statute was made, and that, in using the term "slanderous words," they intended to exclude cases of libel from the statute. The English statute, restricting costs in cases of slander, is similar to ours : the language is, " all actions of the case for slanderous words," &c.; yet that has been held not to apply to the case of libel.—*Hall* vs. *Warner, B. R. Trin. T.,* 24 *Geo. III.*—This case, though not reported, is recognized by subsequent writers.— *Tidd's Pr.*, 861.—*Stark. on Slander*, 420.—3 *Com. Dig.*,231. There is good reason for the difference. Written slander indicates more deliberation and malice, is more durable in its effects, and more extensively circulated. Hence, a more exemplary punishment should be inflicted, than for mere words of passion uttered in a moment of excitement.

*Tucker, for the defendant.*--This case comes directly under the original restriction of the statute as to costs ; that part of the act having regard only to the final judgement rendered in the action.—2 *Tyler*, 75.—And the proviso, taking off the restriction in case the defendant appeals, or reviews the cause, has no application, because the judgement from which the defendant reviewed in this case was over seven dollars.

The distinctions between verbal and written slander, which the counsel for the plaintiff have labored to establish, do not, in general, relate to any question of costs ; but the numerous authorities adduced have only determined in what cases the action for one or the other description of slander would lie, and but a single unreported case is mentioned, bearing upon the particular question now before the Court. There is reason to believe that decision to have been a departure from former practice, as no such distinction is to be found in *Hullack's Law of Costs*, or any previous authority. At common law, costs were not recoverable in any case, and they were first given by the *Stat. of Gloces.*, 6 *Ed.* 1. By the 21 *James I.*, they were restricted, in actions for slanderous words, to the amount of damages recovered, if these did not exceed forty shillings. And though the English courts may now refuse to ex-

ADDISON,
January,
1830.

Parsons
vs.
Young.

tend the restriction beyond the narrowest construction of the latter statute, yet such is not the proper rule to be adopted here.

It is believed the legislature have used the term " slanderous words," in this instance, to denote the action of slander in general, without intending to distinguish the several classes into which the action may be divided. The same remark is applicable to the statutes of limitation, in this and other states : in some instances, the word " slander" is used, in others, " slanderous words ;" but these different forms of expression were doubtless meant to be equally comprehensive and altogether synonymous.

*Curia adv. vult.*

Royce, J. afterwards directed a judgement of reversal to be entered, for the following reasons, in which the other judges concurred.

This question is not affected by the proviso to the 97th section of the statute. The body of that section contemplates the *final* judgement in each action, as the criterion for allowing costs, with the exception of such cases only as come within the proviso ; and the proviso embraces no case of review, except when the judgement reviewed from, aside from costs, does not exceed the sum of seven dollars. Both these points have been often decided, and recently in *Robinson* vs. *Whitcher* and wife, *Caledonia,* March T. 1828. The only question therefore is, whether the present case comes within the body of the section aforesaid which enacts, among other things, " that in all actions of the case for slanderous words, if the damage found or assessed by the jury do not surmount the sum of seven dollars, the court shall allow no greater costs than damages."

There are certainly well settled distinctions between written and oral slander, founded upon reasons of justice to the party injured, and upon those of policy, to prevent breaches of the public peace. In a case however where the injury is in fact very trifling, and the party has shown himself entitled to only nominal damages, it is not easy to perceive why the form of the slander should affect the amount of costs to be recovered ; for whether the slander were written or spoken, the action is still to be regarded as unimportant and frivolous. Hence the rule upon this subject, established in *England* by the case of *Hall* vs. *Warner,* seems to have resulted from a limited definition of the term " slanderous words," rather than from any obvious principle springing from the comparative demerit of the different sorts of slander. The expressions used in the statute may, without any violence, be made to embrace a libel as well as oral slander, as they equal-

ADDISON,
*January.*
1830.

Parsons
*vs*
Young.

ly consist of slanderous words. At the same time, the English construction, though more narrow and exclusive, is probably more consistent with the ordinary and familiar acceptation. And for this reason, and for the sake of following a construction already settled upon a statute which is identical with our own, we should probably affirm the taxation of costs in this case, were the question entirely new in this court, and were no collateral mischiefs to be apprehended from such a decision. But the point now in judgement was directly decided in *Harris* vs. *Lawrence*, 1 *Tyler*, 164. And in construing this statute, we must not forget others in which the like words occur. In this examination there is no occasion to look beyond the several acts defining the jurisdiction of justices of the peace. These have uniformly excepted certain actions, and among those excepted are "actions for slanderous words." Under these statutes it was never imagined that a justice of the peace had jurisdiction of written slander; and to establish such jurisdiction, by the limited construction now contended for, would strike the community with no little surprise. The more comprehensive construction must be retained.

Judgement of the county court reversed, and judgement entered for the plaintiff to recover his damages, and cost taxed at one cent.